## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE#

SOPHIA KAMBITSIS,
Individually and on behalf of
all others similarly situated,
    Plaintiff(s),
vs.                              **CLASS REPRESENTATION**
NPAS, INC.,
    Defendant(s),
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, SOPHIA KAMBITSIS, Individually and on behalf of all others similarly situated (hereinafter referred to as the "Plaintiff" or by name), by and through her undersigned attorney, and sues the Defendant, NPAS, INC., (hereinafter referred to as the "Defendant" or by name), for damages and other relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") and in support thereof alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the Constitution, laws, or treaties of the United States, to wit: the FDCPA, 15 U.S.C. §1692.

2. Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of injury on the Plaintiff and all Plaintiffs within the State of Florida and in other states.  This is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

3. This is the location where the cause of action accrued under the FDCPA.  This is the location where the Defendant violated the FDCPA.  This is the location where the Defendant sent debt collection communications to the Plaintiff or the Plaintiff's agent.

        This is the location where the Plaintiff or the Plaintiff's agent received debt collection communications from the Defendant.

3. This is an action for damages and injunctive relief for violation of the FDCPA 15 USC §1692, et seq.

4. At all times material hereto, the Plaintiff is a resident of Palm Beach County, Florida, and is sui juris.

5. At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA in that she is a natural person obligated or allegedly obligated to pay a consumer debt.

6. At all times material hereto, Defendant NPAS, INC., is a Florida licensed consumer debt collector, whose license number is CCA9902869.

7. At all times material hereto, the Defendant is a debt collector within the meaning of the FDCPA in that: the Defendant has used instrumentalities of interstate commerce such as the telephone, the mails, and the internet in their business the principal purpose of which is the collection of debts; the Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and, the Defendant has represented themselves to be a debt collector.

8. At all times material hereto, the debt the Defendant was attempting to collect was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. § 1692a(5), to wit: charges for medical services, tests, and/or treatment for herself.

9. At all times material hereto, the Plaintiff and all class members are consumers pursuant to the FDCPA in that they are natural persons obligated or allegedly obligated to pay a consumer debt.

10. The alleged debt the Defendant attempted to collect from the Plaintiff and all class

members is due to, owed to, and owned by, another: PALMS WEST HOSPITAL AND/OR THE CHILDREN'S HOSPITAL AT PALMS WEST.

11. The alleged debt the Defendant attempted to collect from the Plaintiff and all class members are not due to, owed to, or owned by, the Defendant.

12. The alleged debt the Defendant attempted to collect from the Plaintiff and all class members are in default at the time the Defendant received the debt from the original creditor for purposes of collecting the debt.

13. At all times material hereto, Defendant NPAS specializes in the collection of consumer medical debt and acted to collect a consumer medical debt from the Plaintiff. They routinely attempt to collect delinquent accounts that are collectively worth many tens of thousands of dollars. They routinely use instrumentalities of interstate commerce or the mails in their business, the principal purpose of which is the collection of debts. They regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The Defendant's debt collection activities are substantial, regular, and have occurred for a long period of time. The Defendant regularly sends collection letters and has a reputation in the area as a debt collector.

14. The Defendant used the United States Postal Service in their attempt to collect the alleged debt from the Plaintiff and other class members through written debt collection demand letters.

15. The Plaintiff and other class members received the legally deficient and defective debt collection communications alleged in this complaint.

16. The Plaintiff has retained the undersigned law firm to represent her in these proceedings pursuant to a fee agreement.

17. Pursuant to the FDCPA, 15 U.S.C. § 1692(k)(3), if the Plaintiff and/or other class members are successful in enforcing liability under the Act, the Plaintiff is entitled to and requests that the Court award their reasonable attorney's fees and costs incurred.

18. All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

19. The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this case as a class action pursuant to Rule 23, Fed.R.Civ.P.

21. There are questions of law and fact common to each class, which common issues predominate over any issues peculiar to individual class members. The principal common question(s) is/ are:

    1. Was the Defendant acting as a debt collector when they attempted to collect certain consumer debts.

22. (i) Approximate Number of Class Members: The members of the class are so numerous that separate joinder of each member is impracticable. The approximate number of class members cannot be accurately ascertained at this time but it is reasonably believed to be in the thousands and involve all of the Defendant's collection accounts in the state of Florida for the last year.

23. The violations of FDCPA are the result of the Defendant's failure to:

    a. Develop and implement policies and procedures to comply with the FDCPA.

    b. Follow the express mandates of the FDCPA.

24. (ii) Definition of the Alleged Class(es): There are three (3) classes and they are defined as follows:

    a) Class 1:
       1. All persons in the State of Florida;
       2. To whom initial communication letters were mailed, delivered or caused to be mailed or delivered by Defendant;

       3.    That the initial communication did not disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. 1692e(11);

       4.    That were not returned undeliverable by the U.S. Post Office;

       5.    In an attempt to collect a debt incurred for personal, family, or household purposes;

       6.    During the one year period prior to the filing of the original Complaint in this action through the date of certification.

b)    Class 2:

       1.    All persons in the State of Florida;

       2.    To whom the communications were mailed, delivered or caused to be mailed or delivered by Defendant;

       3.    Which communications sent by the Defendant did not contain the validation notice to as required by 15 USC 1692g stating:

           (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

           (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

           (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

       4.    That were not returned undeliverable by the U.S. Post Office;

        5. In an attempt to collect a debt incurred for personal, family, or household purposes;

        6. During the one year period prior to the filing of the original Complaint in this action through the date of certification.

    c) Class 3:

        1. All persons in the State of Florida;

        2. To whom the subsequent communication letters were mailed, delivered or caused to be mailed or delivered by Defendant;

        3. Which subsequent communications sent by the Defendant never disclosed that the communication was from a debt collector as required by 15 U.S.C. 1692e(11);

        4. That were not returned undeliverable by the U.S. Post Office;

        5. In an attempt to collect a debt incurred for personal, family, or household purposes;

        6. During the one year period prior to the filing of the original Complaint in this action through the date of certification.

    7.

25. <u>(iii) The Representative Party Will Fairly and Adequately Protect and Represent the Interests of Each Member of the Class:</u> The Plaintiff will fairly and adequately represent the interests of the class members.

26. The Plaintiff has retained counsel experienced in prosecuting consumer protection matters and there is no reason why Plaintiff and their counsel will not vigorously pursue this matter.

27. (b)(1)(A) The prosecution of separate claims or defenses by or against individual members of the class would create a risk of inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

28. (b)(1)(B)    Adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

29. (b)(2)    The Defendant has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or an award of damages concerning the class as a whole appropriate.  Plaintiff's claims are typical of the claims of all of the members of all classes who were the subject of improper debt collection activities and communications from the Defendant in violation of the law.  The Defendant has acted on grounds which are generally applicable to the classes, in that they have acted in a uniform manner with respect to all members of the classes.  The Plaintiff and the members of the classes have sustained similar damages and violations of their rights as a result of the actions of the Defendant and are requesting similar relief.

30. (b)(3)    The questions of law or fact common to the claims of the representative party and the claims of each member of the class predominate over any question of law or fact affecting only individual members of the classes, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

    1. Whether NPAS, INC., violated 15 USC 1692e(11), by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. 1692e(11).

    2. Whether NPAS, INC., violated 15 U.S.C. 1692g(a), when their initial communication failed to provide the validation notice required by 15 USC 1692g stating:

        (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

3. Whether NPAS, INC., violated 15 U.S.C. 1692e(11) by failing to disclose that the subsequent communication was from a debt collector as required by 15 U.S.C. 1692e(11).

31. NPAS, INC., a Florida licensed is a leading provider patient collection services for the health care industry since 1980 and collects or attempts to collect debts from many hundred and possibly even thousands of debtors.

### COUNT I    VIOLATION OF THE FDCPA 15 USC §1692

32. Plaintiff readopts and realleges allegations 1 through 31, inclusive, as if fully set forth herein.

33. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant NPAS, INC., INC. for violation of FDCPA 15 U.S.C. §1692, et seq.

34. On or about 1/20/2017 the Plaintiff was injured in a car crash and received treatment at Palms West Hospital.

35. On or about 3/16/2017 Palms West Hospital billed the Plaintiff for services for which the Plaintiff did not pay and the debt was then in default.

36. On or about 7/7/2017 Palms West Hospital billed the Plaintiff for services for which the

Plaintiff did not pay and the debt was in default.

37. On or about 7/31/2017 the Defendant, NPAS, INC., sent their initial written debt collection communication to the Plaintiff. A copy of this letter is attached hereto as Exhibit "A".

38. The Defendant's letter of 7/31/2017 did not disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. 1692e(11).

39. The Defendant's letter of 7/31/2017 was a false, deceptive, or misleading representation or means in connection with the collection of debts in violation of 15 U.S.C. §1692e, and an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f, for the Defendant's failure to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

40. The Defendant in this proceeding drafted their debt collection letter in a deliberate attempt to confuse, confound, and baffle the least sophisticated consumer and to obfuscate the debtor's rights and overshadow the protections of the FDCPA.

41. The Plaintiff and the members of Class have suffered damages by virtue of the violations of the law by Defendant NPAS, INC., and will continue to suffer those damages until the Court takes affirmative action against NPAS, INC., to hault said violations.

WHEREFORE, The Plaintiff and the members of Class 1 demand trial by jury and judgment against the Defendant NPAS, INC., for:
1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.
3. The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.
4. Temporary and permanent injunctive relief prohibiting further such violations of the law.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.

**COUNT II        VIOLATION OF THE FDCPA 15 USC §1692**

42. Plaintiff readopts and realleges allegations 1 through 31, inclusive, as if fully set forth herein.

43. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant NPAS, INC., INC. for violation of FDCPA 15 U.S.C. §1692, et seq.

44. On or about 1/20/2017 the Plaintiff was injured in a car crash and received treatment at Palms West Hospital.

45. On or about 3/16/2017 Palms West Hospital billed the Plaintiff for services for which the Plaintiff did not pay and the debt was then in default.

46. On or about 7/7/2017 Palms West Hospital billed the Plaintiff for services for which the Plaintiff did not pay and the debt was in default.

47. On or about 7/31/2017 the Defendant, NPAS, INC., sent their initial written debt collection communication to the Plaintiff. A copy of this letter is attached hereto as Exhibit "A".

48. The Defendant's letter of 7/31/2017 did not comply with the provisions of FDCPA 15 U.S.C. §1692e(11), in that the initial written communication with the consumer did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

49. The Defendant's letter of 7/31/2017 did not comply with the provisions of FDCPA 15 U.S.C. §1692g(a), because the Defendant's letter did not provide the following consumer notification to the Plaintiff as required by the act:

    (a) **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

    **(3)**     **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4)**     **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5)**     **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

50. The Defendant's letter of 7/31/2017 was a false, deceptive, or misleading representation or means in connection with the collection of debts in violation of 15 U.S.C. §1692e, and an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f, for the Defendant's failure to :

    i.     State that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; and,

    ii.     Provide the other validation information required by 15 U.S.C. §1692g(a).

51. The Defendant in this proceeding drafted their debt collection letter in a deliberate attempt to confuse, confound, and baffle the least sophisticated consumer and to obfuscate the debtor's rights and overshadow the protections of the FDCPA.

52. The Plaintiff and the members of Class have suffered damages by virtue of the violations of the law by Defendant NPAS, INC., and will continue to suffer those damages until the Court takes affirmative action against NPAS, INC., to hault said violations.

WHEREFORE, The Plaintiff and the members of Class 2 demand trial by jury and judgment against the Defendant NPAS, INC., for:

1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.
3. The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.
4. Temporary and permanent injunctive relief prohibiting further such violations of the law.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.

### COUNT III        VIOLATION OF THE FDCPA 15 U.S.C. §1692

53. Plaintiffs realleges allegations 1 through 31, inclusive, as if fully set forth herein.

54. In addition to all other counts of this complaint or in the alternative to them, the Plaintiff sues Defendant NPAS, INC., for violation of FDCPA 15 U.S.C. §1692.

55. On or about 1/20/2017 the Plaintiff was injured in a car crash and received treatment at Palms West Hospital.

56. On or about 3/16/2017 Palms West Hospital billed the Plaintiff for services for which the Plaintiff did not pay and the debt was then in default.

57. On or about 7/7/2017 Palms West Hospital again billed the Plaintiff for services for which the Plaintiff did not pay and the debt was in default.

58. On or about 7/31/2017 the Defendant, NPAS, INC., sent their initial written debt collection communication to the Plaintiff.  A copy of this letter is attached hereto as Exhibit "A".

59. On or about 9/1/2017 the Defendant, NPAS, INC., sent another written debt collection communication to the Plaintiff.  A copy of this letter is attached hereto as Exhibit "B".

60. On or about 1/3/2018 the Defendant, NPAS, INC., sent another written debt collection communication to the Plaintiff.  A copy of this letter is attached hereto as Exhibit "C".

61. The Defendant's letters of 9/1/2017 (Exhibit "B") and 1/3/2018 (Exhibit "C") did not comply with the provisions of FDCPA 15 U.S.C. §1692e(11), in that those letters were subsequent communications from the debt collector to the debtor/Plaintiff and the letters did not state that the communications were from a debt collector.

62. The Defendant's letters of 9/1/2017 (Exhibit "B") and 1/3/2018 (Exhibit "C") were false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e, and unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f, for the Defendant's failure to state in this subsequent communications that the communications were from a debt collector.

63. The Defendant in this proceeding drafted their debt collection letters in a deliberate attempt to confuse, confound, and baffle the least sophisticated consumer and to obfuscate the debtor's rights and overshadow the protections of the FDCPA.

WHEREFORE, The Plaintiff and the members of Class 3 demand trial by jury and judgment against the Defendant NPAS, INC., for:
1. Statutory damages pursuant to 15 U.S.C. §1692k.
2. Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.
3. The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.
4. Temporary and permanent injunctive relief prohibiting further such violations of the law.
5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
6. Such other and further relief in the premises that the Court deems appropriate.

> */s/*   ***John J.R. Skrandel***,  FL Bar #120413
> **Jerome F. Skrandel, PL**
> Counsel for Plaintiff SOPHIA KAMBITSIS
> 300 Prosperity Farms Road, Suite D
> North Palm Beach, FL 33408-5212
> Phone (561)863-1605 Fax (561)863-1606
> Email   JFSPA@MSN.COM

The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.
> */s/*   ***John J.R. Skrandel***,  FL Bar #120413
> Counsel for Plaintiff SOPHIA KAMBITSIS